UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| RAMEL LEE HOLLIMAN, | ) | CASE NO. 1:15CV0699 |
| | ) | |
| Plaintiff, | ) | JUDGE JOHN R. ADAMS |
| | ) | |
| -vs- | ) | |
| | ) | MEMORANDUM OF OPINION |
| COMMISSIONER | ) | AND ORDER |
| OF SOCIAL SECURITY | ) | |
| | ) | |
| Defendant. | ) | |

On May 18, 2016, Attorney Katherine Braun filed a motion for attorney fees for Plaintiff Ramel Lee Holliman under the Equal Access to Justice Act ("EAJA"). The Commissioner has responded in partial opposition to the motion, and Plaintiff has replied. The motion for attorney fees is GRANTED IN PART and DENIED IN PART as detailed herein.

I. INTRODUCTION

The Sixth Circuit has explained the history of EAJA as follows:

The EAJA, enacted in 1980, provides for an award of attorney fees to a party prevailing against the United States in a civil action when the position taken by the Government is not substantially justified and no special circumstances exist warranting a denial of fees. 28 U.S.C. § 2412(d)(1)(A); *see also Perket v. Sec. of H.H.S.*, 905 F.2d 129, 132 (6th Cir. 1990). The purpose of the statute is described in its legislative history:

> The [EAJA] rests on the premise that certain individuals ... may be deterred from seeking review of ... unreasonable governmental action because of the expense involved in securing the vindication of their rights. The economic deterrents to contesting governmental action are magnified in these cases by the disparity between the resources and expertise of these individuals and their government. The purpose of the bill is to reduce the deterrents and disparity by entitling certain prevailing parties to recover an award of attorney

1

> fees, expert witness fees and other expenses against the United States, unless the Government action was substantially justified.
>
> H.R.Rep. No. 96-1418, at 5-6 (1980), *reprinted in* 1980 U.S.C.C.A.N. 4984, 4984. This statement indicates that Congress intended to make challenges to unreasonable government action more accessible for certain individuals by allowing them to recoup reasonable attorney fees and costs, should they prevail.

*Bryant v. Commissioner*, 578 F.3d 443, 445-46 (6th Cir. 2009).

The most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate. *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983); *cf. Comm'r, I.N.S. v. Jean*, 496 U.S. 154, 161 (1990) ("[O]nce a private litigant has met the multiple conditions for eligibility for EAJA fees, the district court's task of determining what fee is reasonable is essentially the same as that described in *Hensley*." ) As such, this Court must exclude hours that were not "reasonably expended." *Hensley*, 461 U.S. at 434. Counsel, therefore, must make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary. *Id.*

Furthermore, under EAJA, the amount of attorney fees awarded:

> shall be based upon the prevailing market rates for the kind and quality of services furnished, except that ... attorney fees shall not be awarded in excess of $125 per hour unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved justifies a higher fee.

28 U.S.C. § 2412(d)(2)(A). In requesting an increase in the hourly-fee rate, Plaintiffs bear the burden of producing appropriate evidence to support any requested increase in the hourly rate. *See Blum v. Stenson*, 465 U.S. 886, 898 (1984) (considering attorney fees under § 1988, the Court stated, "[t]he burden of proving that such an adjustment is necessary to the determination of a reasonable fee is on the fee applicant"). Plaintiffs must "produce satisfactory evidence-in addition to the attorney's own affidavits-that the requested rates are in line with those prevailing

in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation." *Id*. at 895 n. 11.

## II. LEGAL ANALYSIS

### A. Eligibility

In the instant matter, the Government does not dispute that Plaintiff is eligible for an award of fees.  As such, the Government has conceded that its position was not substantially justified.  Therefore, the Court will now proceed to review the reasonableness of Attorney Braun's fee request.

### B. Reasonable Number of Hours

The underlying motion seeks an award of fees for 22 hours of time, including 2.0 hours devoted to preparing this fee application.  In evaluating the application for fees, the Court is mindful of the following:

> Purely clerical or secretarial tasks, that is, non-legal work, should not be billed—even at a paralegal rate—regardless of who performs the work. *Missouri v. Jenkins by Agyei*, 491 U.S. 274, 288 n. 10 (1989). For example, dictation and typing are non-compensable, as they are part of the overhead of any law office. *See Wiegand v. Sullivan*, 900 F.2d 261 (Table), 1990 WL 51387, at *1 (6th Cir. 1990) (affirming the district court's reduction of fees). However, activities such as filing a complaint, filing service requests, and filing return-of-service forms are clerical tasks that may be considered sufficiently "legal work" to permit compensation, although any compensation would be at a lesser rate. *See Taylor v. Barnhart*, No. 00 c 7782, 2002 WL 31654944 at *4 (N.D.Ill. Nov.22, 2002). *But see Knudsen v. Barnhart*, 360 F.Supp.2d 963, 977 (N.D.Iowa 2004) (finding that retrieving documents, filing documents, serving summonses, and calendaring are non-compensable because they are properly considered overhead costs); *Barriger v. Bowen*, 673 F.Supp. 1167, 1170 (N.D.N.Y.1987) (finding that mailing two letters and serving the Assistant United States Attorney with a copy of a summons and complaint are non-compensable because they are properly considered overhead costs).

*Rodriguez v. Commissioner*, 2012 WL 2905928, at *3 (N.D.Ohio July 16, 2012).

In the instant matter, Attorney Braun's activities include two entries of 0.5 hours each for calling her client regarding correspondence that was returned by mail and the client's new address. The Court finds that discussing the client's new address, making corrections to office files, and re-sending correspondence are non-compensable. These are purely clerical or secretarial tasks that are part of administering the daily functioning of the office and are non-legal work. Furthermore, Attorney Braun notes .25 hours for reading, reviewing, and filing "process receipts." This too is clerical work and non-compensable.

The Court finds that the remaining 20.75 hours are properly categorized as legal work and compensable.

### C. <u>Hourly Rate</u>

Finally, the Court must examine the issue as to the appropriate hourly rate to apply in this case. Attorney Braun argues in her motion that she should be compensated at the rate of $185.75 per hour, and she makes two supporting arguments: 1) citation to the attached affidavit of Attorney Paula Goodwin, who opines that the hourly rate of $350 per hour is "reasonable for an individual of Ms. Braun's experience and expertise" based on Attorney Goodwin's experience as a lawyer in the Northern District of Ohio representing clients before the Social Security Administration; and 2) in 2015, another court in this district held that $185.75 was reasonable under that particular set of facts and circumstances. Doc. 21 at 1, *citing Ritchie v. Colvin, Acting Commiss. of Social Security,* 1:14-CV-01517, 2015 WL 5316065, at *1 (N.D. Ohio Sept. 11, 2015).

As Attorney Braun acknowledges, the "statutory limit for attorney's fees under the EAJA was amended in 1996 to reflect a reasonable hourly fee of $125." Doc. 21. In order to approve the increase of fees from this presumptive statutory cap, the Court must determine "that an

4

increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved" justifies a higher fee. 28 U.S.C. §2412(d)(2)(A). A prevailing party "bears the burden of producing appropriate evidence to support the requested increase." *Bryant v. Commissioner of Soc. Sec.,* 578 F.3d 443, 450 (6th Cir. 2009). The Court finds that Attorney Braun has not met this burden.

In performing its analysis, the Court is mindful that the statutory language that allows for an increase in the hourly rate under EAJA is written in the disjunctive. That is to say, a cost of living increase may warrant an upward adjustment **or** a special factor such as a lack of qualified attorneys may warrant such an adjustment. *See Gonzalez v. Astrue*, 2012 WL 1633937, at *2 (S.D.Ind. May 9, 2012) ("Although a sentence can be plucked out of the opinion in *Mathews–Sheets* to support this argument [that the two prongs merge], the Commissioner has conflated the two separate bases under the EAJA that justify a rate higher than the $125 cap.").

Attorney Braun does not seek an increase in the hourly rate for a special factor. Instead, she seeks an increase based upon inflation. In order to demonstrate the prevailing market rate, Attorney Braun provided only a short affidavit from Attorney Goodwin who explained that she has, at times, been compensated at a rate of $350 per hour – with no further information about the type of cases involved, their complexity, or the court's reasoning for awarding an increased rate. Neither Attorney Goodwin nor Attorney Braun attached documentation as to the market rate in this district, the cost of living, the number of lawyers practicing in this area, or any other evidence to support the assertion that Attorney Braun should be paid $185.75 per hour.

In addition to Attorney Goodwin's affidavit, Attorney Braun points to another district court's decision in *Ritchie, supra,* in which the court awarded fees of $185.75 per hour. The members of this district appear to be in disagreement about what quantum of evidence is

sufficient to warrant an increase. *See Keyes v. Commissioner*, Case No. 1:11CV312, Doc. 28 (denying an increase in fees upon finding that Plaintiff had not demonstrated that prevailing rate exceeded the statutory cap); *but also see Hakkarainen v. Commissioner*, Case No. 1:10CV2463, Doc. 45 (Report and Recommendation) (concluding that more than sufficient evidence was presented to justify the increased hourly rate). However, ignoring the conflicts within the district and looking solely to the *Ritchie* decision, Attorney Braun still did not provide the type or amount of evidence considered by the *Ritchie* court to support the same award of fees.[1] As such, Attorney Braun has not provided sufficient evidence to warrant the requested increase in hourly rate. Accordingly, the award of fees shall be limited to $125 per hour.

### III.    CONCLUSION

Attorney Braun's motion for EAJA fees is GRANTED IN PART and DENIED IN PART. The Court finds that 20.75 hours of attorney time is compensable at $125 per hour for a total of $2,593.75. Accordingly, the motion is GRANTED IN PART and the total award of fees is $2,593.75. The amount shall be made payable in Plaintiff's name so that any pre-existing debt to the Government may be offset before any amount is assigned to counsel.

IT IS SO ORDERED.


Dated: August 5, 2016                           */s/ John R. Adams*
                                                JOHN R. ADAMS
                                                UNITED STATES DISTRICT JUDGE

---

[1] The plaintiff in *Ritchie* provided evidence such as an Ohio State Bar Association Survey, Bureau of Labor Statistics data, and the All Urban Consumers Price Index data.